THOMAS J. DEVINE AND OTHERS V. SAMUEL McCULLOCH, JR.

*Quere,* whether the owners of lands sold for taxes after the Act of 1850, for taxes assessed for years previous to that year, had two years to redeem, where the land was purchased by a private individual? and whether the Act of February 11th, 1850, " supplementary to an Act to restore lands sold for taxes and purchased by " the State, to the former owners," applies to lands purchased by individuals ?

Where a tax deed was admitted in evidence without objection, without evidence of the facts necessary to give the Assessor and Collector power to sell, and the Court charged the jury that the tax deed was *prima facie* evidence that all the requirements of the law had been complied with, but the jury found against such title, under the charge of the Court, on another point; a question being made in this Court whether the finding on such other point could be sustained, the Court said it was not necessary to decide the question, because the party did not prove the facts necessary to give the Assessor and Collector power to sell, and affirmed the judgment.

Appeal from Bexar. This was a case of trespass to try title, brought by appellee against appellants, to recover the possession of certain land on the Medina River. Appellee had located said land with his own certificate in 1838 ; (said certificate was a donation for a wound received at Goliad,) and procured a patent on the 14th December, 1850. Appellants claimed the land by virtue of Sheriff's deed upon a judgment rendered in Jackson County against Samuel McCulloch, Sr., appellee's father.

The appellants endeavored to show collusion between the father and son in changing certificates, but failed to prove it.

The appellants also claimed a part of the land by virtue of a Tax title, dated 7th day of September, 1850. The sale was made for the taxes for 1849, and was made on the 20th August, 1850. Appellee made a tender for redemption on the 17th day of July, 1852.

The tax deed was admitted in evidence without objection. The Court instructed the jury, as to the tax title, as follows :

A tax deed made under the Act of 1850 is *prima facie* evi-

dence that all the requirements of the law have been complied with by the Assessor and Collector of Taxes.

A tender of double the amount of the tax assessed, together with the costs of sale, entitled the party to a relinquishment of the tax deed.

The defendants requested the following charge, which was refused : The Act of 11th February, 1850, " to provide for " the assessment and collection of Taxes" does not repeal the former laws providing for the assessment and collection of Taxes, so far as relates to assessments made for any year anterior to said year 1850 ; and a party whose land was sold in August, 1850, for taxes due upon assessment made for any year anterior to 1850, had no right to redeem said land from and after the first day of January, 1852.

*I. A. & G. W. Paschal* and *Stribling*, for appellants.

*Denison* and *Van Derlip*, for appellee.

WHEELER, J.   In the argument upon the application for a re-hearing, and upon the re-hearing, it has been insisted on behalf of the appellee, with much apparent force, that the supplemental Act of the 11th of February, 1850, (Hart. Dig. p. 954,) construed in reference to its title, and the 24th Section of Art. 7 of the Constitution, must be held to apply only to the redemption of " lands sold for taxes and purchased by the " State" ; (Id. and Act of January 16th, 1850, p. 953, see the title of this and the supplemental Act, p. 954,) and that the exception and reservation in the repealing clause of the general law of the 11th of February, 1850, entitled " An Act to " provide for the Assessment and Collection of Taxes," (Id. p. 954, *et seq.*,) which retains in force only so much of the former law as relates to the " collection of taxes heretofore assessed," (Art. 3204,) was only intended to retain in force the provision for the sale of property for taxes theretofore assessed ; which

is not specially provided for in the repealing statute ; that the provision for the redemption of lands sold for taxes, is not necessarily embraced by the exception in the repealing clause of the general law, of so much of the former law as relates to the "collection" of taxes ; and consequently, that the redemption of lands sold for taxes after the passage of the general law of the 11th of February, 1850, is to be governed by the provisions of that law ; which extended the period of the right to redeem lands sold for taxes to two years. At all events, it is insisted, the law admits of this construction, and if it be doubtful which period the Legislature intended to afford parties, who had been divested of the title to their lands by sales for taxes, the Court should adopt that which is most beneficial to the party for whose benefit the provision was made. This construction, it is insisted, is demanded by the rules which Courts have always applied in testing the validity of tax titles ; which, by a rigorous proceeding, divest the owner of his title without his consent, and generally for a very trivial consideration—as, in the present case, divesting the appellee of the title to eleven hundred acres, for the trifling consideration of ninety cents, or a dollar and ninety cents, " taxes and costs of sale."

The argument is certainly plausible. But whether it should prevail, it is not necessary now to decide, for the reason that there is another objection, which, under the decision of this Court in Robson v. Osborne, (13 Tex. R. 298,) must be held fatal to the validity of the appellants' title, acquired by the sale for taxes. In that case, the Tax Collector's deed was offered in evidence, and excluded by the Court below, on the ground that it was necessary, before the deed could be received as evidence of title, for the party offering it, to prove the authority of the Assessor and Collector to make the sale. On appeal, the judgment was affirmed ; and it was held, that where a party claimed under the Tax Collector's deed, under the Act of 1848, it devolves on him to prove the performance by the

Devine v. McCulloch.

Assessor and Collector of those acts, which are conditions precedent to the power to sell; that though the statute makes the deed *prima facie* evidence of the regularity of the sale, it does not make it evidence of the power to sell; and that it devolved on the purchaser to prove the facts, which were the necessary pre-requisites to the exercise of the power. There was no such proof in the present case; and, consequently, the Tax Collector's deed can be of no avail to the defendant as evidence of title to the land in question. The rulings of the Court upon it are therefore immaterial, since they resulted in a right legal conclusion.

The defence in the Court below appears to have been mainly conducted with a view to invalidate the title of the plaintiff on the ground of fraud. But in this there was an entire failure. The attempt resulted in proving that the grant was a donation to the plaintiff by special Act of Congress, in consideration of his having been wounded in the service of the country at Goliad in 1835; and that the location and survey were in fact made upon the plaintiff's certificate, though the Deputy Surveyor, by mistake, had represented the survey to have been made upon a different certificate. But even this mistake was corrected, it seems, by the principal Surveyor, or, at least, he was instructed to correct it, before any right of the defendant attached. The evidence, not only did not prove the alleged fraud, but the contrary, that everything in the procuring of the plaintiff's title was fair and legal. The defendant acquired no right to the land under the Sheriff's sale; nor has he shown that he acquired any title under the sale for taxes. There is, therefore, no error in the judgment, and it is affirmed.

Judgment affirmed.