# WARING *v.* CROW.

In an action of ejectment to recover an undivided interest in a mining claim, it is not necessary to make parties defendants in such action, who are in possession of such claim, holding other undivided interests, and who claim no right to the interest sued for.

It is only necessary, in such a case, for the plaintiff to sue the party who interferes with his rights.

Where the Court instructed the jury in such action, that "where an abandonment is sought to be established by the act of the party, the intention alone governs; and if such party leave a mining claim, with the intention not to return, his abandonment is as complete, if it exist for a minute or a second, as though it continued for years; but if he left with the intention of returning, he might do so at any time within five years; *provided*, there was no rule, usage or custom of miners of such a notorious character as to raise a presumption of an intention to abandon:" *Held*, that the question of abandonment was fairly left to the jury.

The purchaser of a mining claim can only acquire, by such purchase, such right or title as his vendor had at the time of sale.

Possession of one partner or tenant in common of a mining claim is the possession of all.

Where the tenant in common, or partner, goes away and remains absent from the premises, leaving his associates in possession, it creates no presumption of abandonment; nor does his refusal to pay, or delay in paying the expenses of the business, or the assessments, create of itself a forfeiture.

In order to the enforcement of the forfeiture of the interest in the claim, some appropriate action by suit must be taken to liquidate the demand, and sell the property, or there must be at least clear and unequivocal proof of abandonment.

The mere passive acquiescence of the other partners or tenants in common in a sale of the interest of the plaintiff by a party having no title, cannot confer any upon the vendee.

Where a party's rights to a mining claim are fixed by the rules of property, which are a part of the general law of the land, they cannot be divested by any mere neighborhood custom or regulation.

APPEAL from the District Court of the Ninth Judicial District, County of Shasta.

This was an action of ejectment to recover possession of one undivided fourth interest in four mining claims, and also one undivided forty-eighth part of a flume for conducting water to said claims.

The complaint alleges that the plaintiff, on the first day of June, 1857, was the owner and in possession of, and ever since has been and still is, the owner of the following described premises situated in said County of Shasta, to wit: one undivided fourth part of four mining claims situated on Lone Hill, etc., also the one undivided forty-eighth part of a certain flume leading (conducting) water from the Clear Creek Ditch to said Lone Hill, for the purpose of working the mining claims on said hill, etc. ; which said one-fourth interest in said four mining claims, and one forty-eighth interest in said flume, was and is of the value of eight hundred dollars.   That said defendant, on the first day of July, 1857, " forcibly and unlawfully entered upon, took possession of, and ousted the said plaintiff from the said premises, and that defendant unlawfully withholds the possession of the said above described premises from said plaintiff, who ever since has been, and still is, entitled to the possession thereof; and the rents and profits of said premises have been and are of the value of one hundred dollars per month."   The complaint further charges that said defendant now is, and has been for many months past, extracting the gold from said claims, and converting the same to his own use, and that he threatens to continue so to do.   It also charges that defendant is insolvent, and prays an injunction, and that a receiver may be appointed, judgment

for restitution and for damages. The complaint was sworn to. The Court below issued the injunction and appointed a receiver upon the facts set forth in the complaint.

The defendant demurred to this complaint, and assigned three grounds of demurrer :

1. There is a defect of parties defendants in said action in this, that the owners of the other three-fourths of the claims mentioned in said complaint are not named as co-defendants, and that their interests are wholly unrepresented, etc.

2. Several causes of action have been improperly united in this, to wit : 1st. For the possession of the claims ; 2d. For the rents and profits arising therefrom ; 3d. For damages.

3. The complaint does not state facts sufficient to constitute a cause of action, in this, to wit : as to who the other parties are holding and owning the other three-fourths ; that defendant is in possession of only one-fourth interest in the claims.

Complaint does not show that defendant is not entitled to some portion of the claims, or that he is not in possession in common with others.    Nor does it state that plaintiff is entitled to the possession by virtue of any title or prior possession, or that plaintiff has complied with the laws, rules and regulations of the mining district in which said claims are situated, or that he holds said claims by virtue of said laws, rules and regulations.

At the time of filing the demurrer, the defendant filed his answer setting up title in himself and others to said claim, and also raised the same points in his answer as those raised by the demurrer.

The demurrer was overruled, and the cause tried by a jury.

The Court instructed the jury in substance, as follows :

1. Prior possession of a mining claim gives prior right to the prior possession, of which the party cannot be divested, except by his own act, or by abandonment or the lapse of time, or by the superior landlord or owner of the soil.

2. An abandonment may be proved by the acts of the parties, or by their declaration coupled with acts.    If the jury believe from the evidence, plaintiff was first in possession of the claims, and abandoned them, and while the premises were thus abandoned the defendant, or

those under whom he claims, took possession, the defendant must recover; but if the jury believe from the evidence, that after plaintiff did abandon them he again returned and took possession, and was in possession by himself or agent at the time the defendant entered, then defendant is a wrongdoer, and plaintiff is entitled to recover.

3d. Where an abandonment is sought to be established by the act of the party, the intention alone governs. If a party leave a claim with the intention not to return, his abandonment is as complete, if it exist for a minute or a second, as though it continued for years; but if he left with the intention of returning, he might do so at any time within five years; provided there was no rule, usage or custom of miners of such a notorious character as to raise a presumption of an intention to abandon.

4th. Where a party has once acquired a right by possession to a mining claim, no mining law can divest him of that right unless he assisted in the passage of such law; in which case he would be considered a party to the contract.

Mining laws may be given in evidence to prove a custom in respect to size of claim, or to raise a presumption of abandonment, where such laws have a universal notoriety throughout such district; or if they have not, then proof must be given that the party sought to be bound had actual notice of them.

5. The possession of one tenant in common is the possession of all.

6. A purchaser of a mining claim only acquires such right or title from his vendor as he had at the time of such purchase.

7. The power to occupy for another gives no right to such agent to sell; but there must be a special agency for such purpose.

8. One who might by inquiry ascertain what rights his vendor has, and neglects to make such inquiry, is not an innocent purchaser.

Plaintiff had verdict and judgment, and the defendant appealed to this Court.

*Isaac Boggs* for Appellant.

I. The Court erred in overruling the defendant's demurrer to the complaint.

There was a non-joinder of parties defendant.

The plaintiff should have brought his suit against his copartners for his undivided interest in said claims, and for an accounting of the proceeds.    Schelper *v.* Evans *et al.*, 4 Cal., page 212.

Ejectments will not lie for the possession of a mining claim where the facts show that the claim is undivided and held in common by four copartners, three of whom stand by and acquiesce in the sale and purchase by an innocent person in good faith.

If one of the copartners suffer thereby, he must bring a suit against his copartners.    An action of ejectment may be sustained on the ground of a prior possession alone ; but to continue such possession there must be an actual *bona fide* occupation or *possessio pedis ;* a subjection of it to the will and control of the possessor as contradistinguished from the mere assertion of title.    See Plume *v.* Seward *et al.*, 4 Cal. 94.

2d.  The evidence shows that plaintiff had abandoned his interest in the claim, and the instructions of the Court on this head were wrong.

" Abandonment may arise from a single act, or from a series of acts ; and a party once having abandoned his claim, will not be permitted to come in within the time allowed for commencing civil action to reassert his claim, to the prejudice of those who may have in the meantime appropriated it."    Davis *v.* Butler, 6 Cal. R. 510.

Where prior possession is relied upon, it will fail, if it be shown that he voluntarily abandoned his possession.    Bequette *v.* Caulfield, 4 Cal. 278.

It cannot be contended in this case that defendant is a trespasser or wrongdoer, because he came into possession of said claims with a full knowledge of three-fourths of plaintiff's copartners by purchase, and with their full knowledge and consent, and under color of title.

Before plaintiff can seek equity he must first do equity.    He should first have tendered his proportion of all the expenses of opening up of said claims and of reconstructing said flume.

3d.    In the case of Hix *v.* Bell, 3 Cal. 219, this Court has decided the question of the admissibility of miners' laws governing the particular localities.    I do not conceive, in the introduction of those laws as evidence, that it is necessary to show when the meeting was held, how many were present, whether each and every person present acquiesced

in such laws, nor whether the books have been kept in any particular style and form.

It is sufficient to show that there are laws and customs by which the miners are governed; no matter how they are formed, so they are generally acquiesced in by those following the occupation of mining. Upon this point the Hon. Judge erred in instructing the jury.

4th. The mines belong to the General Government, and are free for her citizens to enter and extract the precious metals. The doctrine of tenants in common does not apply to this class of cases, any more than it applies to barter and trade.

*R. T. Sprague* for Respondent. No brief in the record.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Ejectment for the recovery of mining claim.

The plaintiff in this suit sues for the recovery of a certain interest in mining claims in Shasta, the title to which he asserts to have been in himself and several others, in certain fixed proportions.

It is objected that the plaintiff cannot recover because he has not joined the other owners or claimants. We do not consider this point well taken. In order to a full vindication of plaintiff's rights, and full investigation of the merits of the controversy, it was only necessary to sue the party who interfered with the plaintiff's property, or did him wrong. The object of the plaintiff in the suit was not a partition of the common property, but to settle the right of the plaintiff, as against an adverse claimant, to his share and proportion; and this object could be effectually attained by the plaintiff in the form adopted. The question of abandonment was fairly left to the jury, as also the right of the defendant under the bill of sale from Julian. The claims, it seems, were held in possession by the partners and associates of the plaintiff; they, as such partners, were tenants in common, and it is well settled that the possession of one partner or tenant in common is the possession of all. The mere fact that one tenant in common, or partner, goes away and remains absent from the premises of the joint business or property, leaving his associates in possession, creates no presumption

of abandonment; nor does his refusal to pay, or delay in paying the expenses of the business, or the assessments, create of itself a forfeiture.    In order to the enforcement of the claim, some appropriate action by suit must be taken to liquidate the demand, and sell the property, or there must be at least clear and unequivocal proof of abandonment.

It is too clear for argument, that the mere passive acquiescence of the other partners or tenants in common in a sale of the interest of the plaintiff by a party having no title, cannot confer any upon the vendee. This would be to make title to property pass, not by the act or assent of the owner, but by the silence of his associates.

The plaintiff's right having been fixed by these rules of property, which are a part of the general law of the land, could not be divested by any mere neighborhood custom or regulation, even if there were better proof than appears in the record of the existence of such.    Nor do we see anything to prove that, by the mining regulations of the vicinity, the possession and working of the claim by a portion was not a sufficient possession and working for all; or that the mere temporary absence of one partner was a forfeiture of his interest, and that a stranger could then come in and appropriate his share.

On the whole, we think the learned Judge below presented the law fairly and clearly to the jury, and that their finding was in accordance with law and justice.

Judgment affirmed.