### FRANCIS KELLY v. H. MEDLIN AND OTHERS.

Where in a suit for the recovery of an undivided half interest in a tract of land, and for partition thereof, brought against the owner of the other half-interest, the defendant pleaded the statute of limitation of three and five years, and, as the basis of prescription, introduced deeds which vested in him an " undivided interest " in the tract : *Held*, not to be such title as will support those defences against the title of the owner of the other undivided interest.

To sustain a tax deed made under the provisions of the special law of 1848, relating to the assessments of 1846 and 1847, it must be shown that the land belonged at the time of the sale to the party for whose taxes it was sold, or else that it was sold for taxes assessed upon itself. In the absence of such evidence, the tax deed will not support the pleas of the statutes of limitation of three and five years.

A tax deed emanating from a sale in September, 1848, under the provisions of the special law above referred to, could not have been in pursuance of the general law of March 20th, 1848, which contemplated that all sales under its provisions should be made after the first day of November in each year :—Therefore such tax deed, though recorded, is not "*prima facie* evidence that all the requisitions of the law had been complied with in making such sale," as provided in said general law.

To support such a deed, other facts should have been proved which constituted the authority of the Assessor to sell the land for taxes, and also the regularity of the sale should have been shown.

When a registered deed is introduced to sustain the plea of the statute of limitations of five years, the party claiming under it must prove the payment of the taxes for that term upon the whole of the land specified in the deed.

APPEAL from Travis. Tried below before the Hon. Thomas H. Duval.

This action was brought by the appellant against the appellees for the recovery of an undivided one half interest in a tract of three hundred and twenty acres of land in Travis county, and for partition of the same,—the title to the other half interest being acknowledged by plaintiff to be in defendants. The suit was commenced on the 7th day of April, 1856, and came to trial at the January term 1857, when, a jury being waived, the court rendered judgment for defendants.

The plaintiff deraigned his title as follows :

1st. Patent to Thomas H. Mays as assignee of Daniel J. Gilbert, of date Feb. 5, 1846, for one-third of a league of land in Travis county, described by metes and bounds, and including the tract in controversy.

2nd. Deed from Mays to Plaintiff, February 5, 1852, for one undivided half of said one-third of a league, "less one hundred and sixty-four acres, (one hundred and sixty acres having been previously sold to be taken out of three hundred and twenty acres to be be taken off the back end of said third,")—the four acres at another place."

3d. Deed from Mays to Peter McGreal, March 3, 1846, for one undivided half of said third of a league.

4th. Deed from McGreal to R. P. Jones, July 29, 1847, for the same interest conveyed to McGreal by Mays.

5th. Deed from Jones, "by his assignees," to plaintiff, March 6, 1855, which was admitted by defendant to vest in plaintiff all the title acquired by McGreal from Mays.

The defendants, having set up title in themselves to the whole interest in the tract in controversy and pleaded the limitations of three and five years, introduced in evidence, 1st, A deed from Mays, the patentee, to Sarah Lee, April 23, 1847, for "all the title, claim and interest, which I have in and to one undivided interest of three hundred and twenty acres, to be taken off of the back end of the Gilbert third of a league;" and a deed from Sarah Lee and her husband to defendant Medlin, April 28th, 1849, for the same interest conveyed to them by Mays. 2nd, A tax deed to Josiah Fisk, September 21, 1848, for the three hundred and twenty acres in question; and deed of same from Fisk to Medlin, June 27, 1849. The taxes for which the land was sold were assessed for the year 1846 against Gilbert, the assignor to Mays of the certificate on which his patent issued.

*Hancock* and *West*, for the appellant.

The plaintiff derived title by regular chain of conveyance from Mays, the patentee, for the one-third of a league, except one hundred and sixty acres out of three hundred and twenty acres off the

4

back end, and four acres at another place.    Under this title he is unquestionably entitled to recover, unless his right is barred by one or other of the provisions of the statute of limitations pleaded by the defendants.    The statute of limitations of three years can only be available to a party in possession under title or color of title by regular chain of transfer from the government to himself. (Hart. Dig., Art. 2391.)

No such title as this statute requires is shown by the defendants to the one hundred and sixty acres claimed by the plaintiff.    They show no deed or any evidence whatever of title from or under Mays to this part of the land.    At the time Medlin purchased from Lee and wife, Mays the patentee had conveyed this portion with the remaining one-half of the one-third league to Peter McGreal, whose deed was then duly recorded; McGreal agreed with Lee to let him have this one hundred and sixty acres at a certain value per acre, "which right to purchase" from McGreal at that rate, Lee passed over to Medlin.    But Medlin did not avail himself of it.    This verbal agreement on the part of McGreal to let Lee have the land at a specified price, cannot be seriously insisted to have vested in Medlin, by consent from Lee that he might take the trade, such character of right to the land as would bar McGreal's title, by three years possession by Medlin, who entered as his tenant in common and for him.    The statute requires the color of title to be in writing, nor will it allow of any defect showing a want of intrinsic fairness and honesty.    The facts show all these defects to exist so far as Medlin is concerned.    He took possession for McGreal, as his co-tenant, manifesting a desire then—for how much longer the testimony does not disclose—to purchase the interest of his co-tenant.    Medlin had no possession in severalty and no prescription would run as against the co-tenants.    He acquired the right of the deed from Fisk, under his tax title at the same time he took and went into possession as co-tenant with McGreal, under a verbal agreement to take his, McGreal's interest, in the land at a certain price.    The deed was subsequently made by Fisk in compliance with this understanding.    Should not this deed be held to enure to the mutual benefit of the co-tenants?

(Glasscock v. Glasscock, Admr., 17 Tex., 480; 5 Bacon Abr'dt. Joint Tent., H. p. 279, and case cited, William v. Gray, 3; Greenlief, 207.)

Under these authorities it would seem that Medlin might have maintained his suit against his co-tenant for contribution of a moiety of the amount paid to get up this tax title; or that McGreal could have enforced a conveyance of an equal interest under this title, on payment of one-half of what Medlin expended in procuring the tax title. We do not pretend but that these respective rights would have had to be pursued within a reasonable time; but submit that the equitable rule in analogy to the limitation of an action at law would prescribe the time within which McGreal might have instituted his suit, which could not have been less than five, nor, we believe, less than ten years from the time Medlin asserted title under the deed from Fisk, to the entire tract of three hundred and twenty acres. This length of time, neither five nor ten years, had elapsed when plaintiff became purchaser of the title McGreal held, and was in actual possession of the land. (Hart. Dig., Art. 2390.)

But the defendants introduced the deed from Fisk, of his right under a purchase at tax sale, to sustain the plea of limitation of five years. This deed, that is, the instrument termed a deed from the tax collector Cushney to Fisk, is void on its face as a conveyance of any right to the one-third league of land described in it. It is not sold as the property of the patentee, or of any one claiming title under him, or for taxes due by the patentee, or any one holding any title to the land, or even recited to have been assessed in the name of any one having any title to the land, and for many other reasons, apparent on the face of the deed, it is absolutely null and void. (See Hadley v. Tankersly, 8 Tex. R; Yenda v. Wheeler, 9 Tex., p. 408; Pitts v. Booth, 15 Tex., p. 457; Robson v. Osborn, 13 Tex., 298; Devine v. McCulloch, 15 Tex., 488; Pace v. Upshur, *et al.*; 15 do 531, &c., &c.)

While we do not controvert the correctness of the position that a deed, which is void from any extraneous matter for some defect which does not appear on its face, may sustain the plea of limitation of five years under our statute, we much question if a deed,

void in consequence of defect appearing on its face is sufficient, or such a deed as the five years statute of limitation requires a party setting up that plea to show he has been holding under. There is nothing in the statute which negatives the idea that the party in possession must be such in good faith, to be entitled to its protection. In fact, upon every principle of analogy it would seem that a party who enters *mala fide* should not be aided in taking advantage of his own perfidy. The terms used in the statute demand no such interpretation, nor do we think there is anything in its policy that would warrant it. The court will have gone quite far enough for either by protecting the party in possession for five years, under a title void for some extraneous cause, of which he may be supposed ignorant, but not so if the paper he terms a deed is shown on its face to be void. We think the Supreme Court of the United States lay down the correct rule in the case of Moore v. Brown, *et al.* (11 Howard Rep., p. 414.)

We respectfully ask attention to the argument of the counsel published with the decision.

The case of Pillow v. Roberts, (13 Howard Rep., p. 472,) is not regarded as overruling the principles in the case of Moore v. Brown, *et al.*, but merely as yielding to a local or state regulation, and on some such reason all the cases referred to in the last cited case seem placed.

If, however, it should be held that a party may prescribe after five years possession under a deed void on its face, still the defendants do not sustain their pleas of limitation of five years by the proof either of a deed recorded for five years before the institution of this suit, with sole occupancy of the land, of payment of taxes due on the land, or of continuous occupancy of the land for the requisite length of time.

The deed from Fisk to Medlin was recorded on the 4th of April, 1850—the deed to plaintiff from Mays, the patentee, through McGreal & Jones, is dated 6th of March, 1855, less than five years from the time of registration of the deed from Fisk to Medlin, if he had continued to reside on the land. And the evidence shows that plaintiff was in possession of the one-third league at the time he acquired McGreal's undivided half-interest by this deed of 6th

of March, 1855, had been for years previously and continued to live on the land at the institution of this suit. The plaintiff's possession was co-extensive with the calls of his deed which extended over and embraced the same land that Medlin seeks to hold by prescription under the deed from Fisk; in Jones v. Menard, 1 Tex., p. 771, this court lay down the law on this subject.

The defendants failed to prove that they had paid the taxes on this land for the five years insisted on; this is one of the conditions on which a party becomes entitled to avail himself of the limitation of five years; without its performance the statute will not run in his favor. (Castro v. Wurzbach, 13 Tex., p. 128; Mitchell v. Burditt, 22 Tex., 633; Blackwell on tax titles, pp. 678, 681.)

The payment of a part of the taxes due on the land, or all the taxes due on a part of the land, does not satisfy the condition imposed by the statute.

*I. A. & G. W. Paschal,* for the appellees.

Roberts, J. We are of opinion that the defense was not made out in this case so as to entirely defeat plaintiff's right to recover.

The plaintiff shows a title to himself for the one-third of a league, except four acres at the spring on the river, and one undivided half of three hundred and twenty acres off of the back end of the tract, amounting in all to one hundred and sixty-four acres. In his amended petition he admits these exceptions, and claims a partition. His object seems to be, so far as Medlin is concerned, to establish his right to one undivided half of the three hundred and twenty acres at the back end of the tract, and he seeks to recover one-half of it by partition.

The deed from Mays, the patentee, to McGreal was made 3d of March, 18**, recorded April 8th, of the same year. This conveyed one undivided half of the whole tract. It is admitted that there had been passed to Kelly by deeds of certain "assignees" "all the title that McGreal acquired from Mays." But Kelly did not hold under this branch of the title until the 6th of March, 1855, when he got his deed from Jones.

The next deed in the order of time was made from Mays to

Sarah Lee on the 23d of April, 1847, recorded in June, 1848, for all the title, claim and interest which the said Mays had in and to "one undivided interest" of three hundred and twenty acres to be taken off of the back end of said third of a league. Sarah Lee and her husband Joseph Lee conveyed by deed to Medlin all the interest they had in said tract, conveyed to Sarah Lee by Mays on the 21st of April, 1849, which was recorded 23d of May of the same year. Medlin was in possession when he purchased. Fisk obtained a tax title to the whole one-third of a league, and made a deed to Medlin for three hundred and twenty acres off of the back end of it, which was recorded on the 20th of March, 1850.

Mays made to Kelly a deed on the 5th of February, 1852, recorded on the 9th of the same month, for one undivided half of said third of a league, "less one hundred and sixty-four acres, (the one hundred and sixty acres having been previously sold, to be taken out of the three hundred and twenty acres to be taken off of the back end of said third)—the four acres at another place."

Admitting that Medlin proved a continuous possession from May, 1849, until the institution of the suit on the 7th of April, 1856, and admitting that Kelly has, by his pleading, and by receiving the deed from Mays in 1852, waived any objection that may be made to Medlin's deed having been executed by a tenant in common, for an undivided interest in a particular part of the tract, still his title to the whole of the three hundred and twenty acres is not supported by the facts in evidence.

He has not established his claim to it under the three years limitation, because he has not shown a good title to the whole of the three hundred and twenty acre tract. His deed from Mrs. and Mr. Lee, does not purport to convey the whole tract of three hundred and twenty acres. At the time he received their deed, Jones had a title through McGreal to one undivided half of the whole one-third of a league which had been recorded. His deed from Fisk does purport to convey the whole of the three hundred and twenty acres. But Fisk derives his title from Gilbert; the land being levied on and sold as his property to pay his taxes. And it is not shown that this land was located by, or ever belonged

to Gilbert. The patent issued to Mays, assignee of Gilbert, on the 5th day of February, 1846. The land was levied on and sold in September, 1848, under the assessment roll of 1846, which showed there to be $2 21 due and owing to the State of Texas from Daniel Gilbert, as taxes for the year 1846, upon the taxable property of said Gilbert. It does not appear, from the deed or otherwise, that this land was assessed in 1846 as the property of said Gilbert, nor can that fact be inferred from any evidence in the case. This sale was not made under the general tax law of 1848, but under the provisions of a special law made that year, relating to assessments of 1846-7, and those assessments were made under laws in force previous to 1848. (See Hart. Dig., Arts. 3143, 3119, 3097, 3093, 3085, 3055, 3056, 2987-8-9 and 2990.)

By a review of the statutory provisions here referred to, it will be seen that this land might have been assessed as the property of Gilbert, if the records in the Surveyor's office showed that the survey was made for Gilbert. And if the deed showed that this land was sold for taxes due on it, it might be fair to presume that it was surveyed for Gilbert, and was so assessed, he being taken to be the true owner therefrom by the Assessor who made the assessment in 1846. But by the act under which this sale was made, the Assessor, making a seizure and sale for taxes, was not confined to the exact property assessed. (See Hart. Dig., Arts. 3119, 3104, 3105.) He might seize and sell any property liable to taxation that was owned by Gilbert in 1848, at the time of the seizure and sale. The facts show that this land in 1848, when levied on and sold, was not Gilbert's. And there is nothing to show that it was assessed as his in 1846, so as to fix a lien upon it for his taxes for the year 1846.

There is, however, another reason why this tax title of Fisk's is not sufficient under the three years limitation. The sale being made in September, 1848, was not, and could not have been in pursuance to "an act to provide for the assessment and collection of taxes," passed on the 20th of March, 1848. That act contemplated all sales under its provisions to be made after the first day of November, in each year. (Hart. Dig., Art. 3143.) This sale

was made under a special act, which required the sale to be made in accordance with the act of 1846. (Hart., Art. 3119.) Therefore the tax deed being recorded is not "*prima facie* evidence that all the requisitions of the law have been complied with in making such sale," as provided for in the general law of 1848. (See Hart. Dig., Art. 3145.) To support this title then, in addition to the deed, other facts should have been proved, which constituted the authority of the Assessor to sell this land for taxes, and also the regularity of the sale should have been shown. (Yenda v. Wheeler, 9 Texas R., 408 ; Robson v. Osborn, 13 Tex. R., 298.)

Medlin has not maintained the right under the five years limitation. For his deed from the Lees does not purport to convey the whole interest in the three hundred and twenty acre tract.

And although his deed from Fisk does assume to convey the whole of the three hundred and twenty acre tract, he failed to prove that he had paid taxes on that amount of the land for five years. (Mitchell v. Burditt, 22 Tex. R., 633.)

It is not shown how much, or what part of this three hundred and twenty acre tract has been occupied and improved by Medlin. It is not, therefore, necessary to decide how far his exclusive possession of that part would fix his right to it, or to the one hundred sixty acres which may include it, if it be less than one hundred and and sixty acres.

Judgment is reversed and the cause remanded for new trial.

Reversed and remanded.