## J. C. TERRELL v. SIDNEY MARTIN.

(Case No. 5663.)

1. STATUTES CONSTRUED — ADMINISTRATOR'S DEED — RECITALS — PRESUMPTION.— Construing Paschal's Digest, art. 1237, and Revised Statutes, arts. 2091 and 2092, *held*, that though an administrator's deed, made under the circumstances specified in those articles, passes to the purchaser all the title that the testator or intestate had in the property described by the deed, yet the recitals of the deed, which refer to the proceedings in administration authorizing its execution, are not *prima facie* evidence that those proceedings, which alone gave power to convey, occurred.

2. SAME.— Such a deed is, under the statutes above referred to, only *prima facie* evidence of the act of sale; time, place, manner of selling, and notice of sale being included in this.

3. CONSTRUCTION OF STATUTES — TAX COLLECTOR'S DEED.— Construing the act of March 20, 1848 (Hart. Dig., art. 3145), which provided that a tax collector's deed, " when recorded according to law, shall be *prima facie* evidence that all the requisites of the law have been complied with in making such sale," *held*, that such deed was not thereby made evidence of a compliance with the prerequisites to the acquisition and exercise of the *power* to sell. The statute applied only to the proceedings to be had *after* the right and power to sell were acquired. Citing Devine *v.* McCullock, 15 Tex., 491; Kelly *v.* Medlin, 26 Tex., 56, and other cases.

4. DESCRIPTION.— See opinion for a description of property intended to be conveyed by deed, held sufficiently certain.

5. SHERIFF'S DEED.— A sheriff's deed made in 1878 was executed by one acting as deputy sheriff. *Held*, that such deputy was the proper person to acknowledge its execution, and a certificate of acknowledgment by the district clerk that " personally appeared J. M. Henderson, sheriff of Tarrant county, by W. T. Steele, deputy, to me well known, and acknowledged that he executed the foregoing deed for the purposes and consideration and in the capacity therein set forth and expressed," being formal in all other respects, was sufficient.

6. LIMITATION — POSSESSION.— One claiming half a lot under deed recorded, which conveyed an undivided half interest, went into possession of the entire

lot, recognizing B., his vendor, the claimant of the other half under deed recorded, as tenant in common, but holding adversely to all others. He afterwards purchased B.'s interest, continuing his possession, as before, of the entire lot. *Held*, that his possession, as against a third party claiming an adverse title to the half interest last purchased, was as much the possession of B. as of himself, and he could add the period of possession from his entry up to the date of the deed to him from B., on an issue of limitation, registry and payment of taxes by B. being shown.

Appeal from Tarrant. Tried below before the Hon. M. D. Priest, Special Judge.

Sidney Martin, appellee, filed a petition in trespass to try title against the appellant, on the 29th day of March, 1884, for a lot in the city of Fort Worth, described in the petition as follows: "Situated in the city of Fort Worth, and known and designated on the map of said city as lot No. 3, in block No. 29, bounded as follows: Beginning at a point in west line of Elm street, one hundred feet northward from the southeast corner of said block No. 29, thence northward with Elm street fifty feet, thence westward parallel with Second street one hundred feet, thence southward parallel with Elm street fifty feet, thence eastward parallel with Second street one hundred feet, to the place of beginning."

The answer of the defendant consisted of a general demurrer, general denial, plea of not guilty, and plea of five years' limitation.

Verdict as follows: "We, the jury, find the plaintiff entitled to the property and $60 for rent. S. M. Fry, Foreman." Judgment was entered against the defendant for said premises and $60.

Plaintiff read in evidence a deed from J. P. Smith and M. J. Brinson, administrators of M. T. Johnson and Vienna Johnson, deceased, to Sam Evans, in which it was recited that Smith and Brinson were the duly and legally constituted administrators of M. T. and Vienna Johnson, deceased, and by virtue of an order granted to them as administrators, on the 24th of January last, by the county court of said county, sitting for probate and other like purposes, to sell certain items of property belonging to the community estate of said decedents, to wit: Item No. 49, being known as block No. 29, situated between and bounded by Weatherford and Second streets and Pecan and Elm streets," and further describing the sale, after advertising, etc., and purchase by Sam Evans, further recited that said sale was duly returned, received, recognized, investigated and confirmed by said probate court.

Defendant's counsel objected to the introduction of the deed in evidence, because it had not been proved by plaintiff that the ad-

ministrators, Smith and Brinson, had any authority to make sale and conveyance, nor had plaintiff proved any order of sale.

Plaintiff offered to read in evidence a deed from Sam Schwing and wife to W. D. Belding, which contained among other things the following description of a lot, pointed out by plaintiff's counsel as the description of the lot in controversy, after reciting in the premises that the said Schwing and wife do bargain, sell and convey to the said Belding the following described tracts, lots or parcels of land situated in the city of Fort Worth, Tarrant county, Texas: "Another lot situated in block 29, beginning one hundred feet from the southeast corner, thence running north with Elm street fifty feet, and back towards Pecan street one hundred feet, containing five thousand square feet."

Defendant objected to the introduction of the deed in evidence on the ground that it was irrelevant, and because the description above set out, as the one pointed out by plaintiff's attorney as a description of the lot in controversy, was void for uncertainty and vagueness, and that therefore said deed was void and of no effect as a conveyance of the lot, which objection of the defendant was overruled by the court.

Defendant offered in evidence a deed from A. M. Carter to J. C. Terrell, dated August 4, 1879, conveying to J. C. Terrell his (Carter's) one-half interest in lot 3, block 29, Fort Worth, Texas.

The plaintiff objected to the introduction of said deed in evidence by defendant on the ground that a less period than five years had elapsed between the execution and registration of said deed and the filing of plaintiff's petition, and that defendant had not shown that A. M. Carter had any interest in said land, or that there was any deed on record to said Carter, or any title to said lot or any interest deraigned to said Carter, which objections of the plaintiff to the reading of said deed in evidence were sustained by the court.

Defendant offered to prove by A. M. Carter that he had paid the taxes on a one-half interest in the lot in controversy for the year 1879, which was objected to by the plaintiff on the ground that there was no deed in evidence showing that said Carter had ever had any interest in said land, which objection was sustained by the court and defendant excepted.

J. C. Terrell had testified that when he bought the lot in controversy in August, 1878, there was a negro woman in possession of it, living in the house on it. The lot was inclosed by a plank or board fence, and had a small tenement house on it. "The negro attorned to me and acknowledged me as her landlord, and paid rent to me for the month of September, 1878. She remained on the premises,

continuing to pay me rent all the time for about three years, and was succeeded by other tenants of mine, who also paid me rents. I have had, through tenants, continued unbroken (except for about three weeks at one time between outgoing and incoming tenants) possession of said property from the latter part of August, 1878, until this time. I have paid all the taxes on a one-half interest in said lot for the year 1879, and all the taxes on the whole of it for the years 1880, 1881, 1882, 1883." (The defendant produced tax receipts for the taxes paid as above stated from the tax assessor and collector of the city of Fort Worth and from the tax collector of Tarrant county.) Said that he had never recognized any claim or interest of anybody else in the premises except the one-half interest of A. M. Carter, which he bought on the 4th of August, 1879; that from said August 4, 1879, he had recognized no claim or interest of any one else in the premises, but had held the same as his own; that he had from time to time made repairs on said premises.

The court charged the jury, among other things, as follows: " The jury are further instructed that the deed offered in evidence by the defendant is not sufficient to sustain the plea of limitation interposed by him herein, and you need not consider the issue raised by said plea."

*Hyde Jennings,* for appellant, cited against the admission of the administrator's deed: Art. 1327, Pasch. Dig. Laws of Texas; Atkins *v.* Kinnan, 20 Wend., 241; 1 Kent. Com., 466 (3d ed.), note, etc.; Corwin *v.* Merritt, 3 Barb., 343; Bloom *v.* Burdick, 7 Hill, 142; Hubbell *v.* Weldon, Hill & D., 145; Sharp *v.* Speir, 4 Hill, 86; Sharp *v.* Johnson, 4 Hill, 9; Bangs *v.* McIntosh, 23 Barb., 599; Battel *v.* Torrey, 65 N. Y., 299; Stafford *v.* Ingersoll, 3 Hill, 41.

On limitation, he cited: Carpenter *v.* Webster, 27 Cal., 549.

*Hogsett & Greene,* for appellee, on admissibility of the administrators' deed, cited: Pasch. Dig. of Laws, art. 1327; R. S., art. 2092; Wash. Real Prop., vol. 3, *p. 622, top p. 333; id., *p. 630, top p. 347.

On the admissibility of the deed as a basis for limitation, they cited: Murphy *v.* Welder, 58 Tex., 240; Montgomery *v.* Carlton, 56 Tex., 365; Flanagan *v.* Boggess, 46 Tex., 335; Whitehead *v.* Foley, 28 Tex., 293; Acklin *v.* Paschal, 48 Tex., 175–6.

STAYTON, ASSOCIATE JUSTICE.— The plaintiff sought to deraign title to the lot in controversy through a deed from the administrators of the estate of M. T. Johnson, executed April 1, 1870.

This deed recited the different steps taken in the probate court and by the administrators to make a valid sale of property belonging to the estate of a deceased person, but there was no proof whatever of the application for an order to sell, of the order to sell, of the report of sale, or of a decree confirming the sale.

The deed was objected to, when offered, because no proof had been made that the administrators had authority to make the sale and deed, and this objection was overruled.

It is contended by the appellee that the deed itself, containing, as it did, recitals of the facts necessary to a valid sale, was *prima facie* evidence that all the requisites to a valid sale existed.

This view of the question is based upon the language of the statute then in force, which is substantially the same as now found in the Revised Statutes. Pasch. Dig., 1237; R. S., 2091, 2092.

The statute declared that, " after any such decree of confirmation shall have been made, upon the purchaser complying with the terms of sale, the executor or administrator shall execute and deliver to him a conveyance of the property so sold, if it were either land or slaves, reciting therein the decree confirming the sale and ordering the conveyance to be made, which conveyance of land or slaves so made shall vest the right and title that the testator or intestate had, in the purchaser, and shall be *prima facie* evidence that all the requisites of the law have been complied with in making the sale."

It will be observed that the declaration is, that a deed when made under given circumstances, and reciting certain facts, shall pass to the purchaser the right and title which the testator or intestate had; but it is not declared that such a deed shall be *prima facie* evidence that everything had been done which the law makes requisite to the validity of such sales, including those things which alone can confer upon an administrator the authority to sell.

The effect of such deeds, as *prima facie* evidence, is by the terms of the statute restricted to the act of making the sale; time, place, manner and notice being included in this.

The effect of a similar statute has been considered in several cases.

The act of March 20, 1848 (Hart. Dig., 3145), provided that a tax collector's deed, " when recorded according to law, shall be *prima facie* evidence that all the requisites of the law have been complied with in making such sale." This language is identical almost with that used in the statute under consideration; and in considering its effect, in Robson *v.* Osborn, 13 Tex., 307, it was said: " In the case of Yenda *v.* Wheeler, 9 Tex., 408, the distinction was recognized between the power to sell and the regularity of the sale. And we

have no hesitation in holding with the authorities there cited, that though the statute makes the assessor's deed *prima facie* evidence that the requirements of the law have been complied with in making the sale, it is not thereby made evidence of a compliance with the prerequisites to the acquisition and exercise of the power to sell; and that the statute applies only to the proceedings to be had after the right and power to sell are acquired."

Such has been the uniform construction. Devine *v.* McCulloch, 15 Tex., 491; Kelly *v.* Medlin, 26 Tex., 56; Taylor *v.* Boyd, 5 Tex. Law Review, 202.

In the absence of proof of the facts which conferred on the administrators the power to sell, the deed was not evidence of title, and should have been excluded.

The deed from Schwing and wife to Belding was not void for uncertainty in the description of the lot, and was properly admitted.

The defendant claimed title by limitation, and offered a deed made to A. M. Carter by Joe M. Henderson, sheriff of Tarrant county, acting through his deputy, Mr. Steele, which was objected to on the ground that it did not contain a sufficient description of the property, and upon the further ground that it had not been properly acknowledged for record, the defendant relying upon it as a basis for his plea of limitation of five years under a duly recorded deed. The land sued for is thus described in the petition: " Situated in the city of Fort Worth, in Tarrant county, Texas, and known and designated on the map of said city as lot No. three (3), in block No. twenty-nine (29), bounded as follows: Beginning at a point in west line of Elm street, one hundred feet northward from the southeast corner of said block No. 29, thence northward with Elm street fifty feet, thence westward parallel with Second street one hundred feet, thence southward parallel with Elm street fifty feet, thence eastward parallel with Second street one hundred feet to place of beginning."

The description in the deed to Carter was as follows: " Lot 3, in block No. 29, being fifty feet by one hundred feet, bounded as follows: Beginning one hundred feet north of the southeast corner of said block, thence west one hundred feet, thence north fifty feet, thence east one hundred feet, thence south fifty feet to the place of beginning, being lot 3, in block No. 29, in the city of Fort Worth, Tarrant county, Texas."

We are of the opinion that the description of the lot contained in the deed to Carter sufficiently identifies the property intended to be conveyed by it.

The certificate of acknowledgment to said deed is as follows:
"STATE OF TEXAS,  }
*County of Tarrant.* }

" Before the undersigned authority personally appeared J. M. Henderson, sheriff of Tarrant county, by W. T. Steele, deputy, to me well known, and acknowledged that he executed the foregoing deed for the purposes and consideration and in the capacity therein set forth and expressed.

" Witness my hand and seal of office, this 10th day of August, 1878.

[SEAL.]                                    " J. J. MILLER,
                              " District Clerk of Tarrant County."

The deed was executed by Steele, acting as deputy, in the name of the sheriff; and we are of the opinion that he was the proper person to acknowledge it, and that the certificate upon which it was admitted to record shows a substantial compliance with the law. Huey *v.* Van Wie, 23 Wis., 618; Bigelow *v.* Livingston, 28 Minn., 60.

We are therefore of the opinion that the court erred in excluding the deed.

That deed was duly recorded August 21, 1878.

On the 19th of August, 1878, Carter conveyed to the defendant an undivided half interest in the lot, by a deed which was filed for record the same day; and on the 4th of August, 1879, conveyed to the defendant the other half of the lot by a deed recorded on the 5th of August, 1879, and this action was brought March 12, 1884.

The last deed mentioned was excluded, upon an objection made by the plaintiff.

The ground of that objection was, that as five years had not elapsed between the time of the execution and registration of that deed and the filing of the petition in this case, and as the deed through which Carter claimed had been excluded and could not be considered, therefore the deed in question was irrelevant, it not appearing that Carter held valid title. This was error.

It appears that the defendant took possession of the lot through tenant in the latter part of August, 1878, and that continuously from that time until the trial he had held such possession adversely to all persons except A. M. Carter, whose right as a tenant in common he recognized, until he purchased his interest on August 4, 1879. It further appears that the defendant paid taxes on the entire lot for the years 1880, 1881, 1882 and 1883, and that he paid one-half of the taxes on the lot for the year 1879, and that he proposed to

prove that Carter paid the taxes on the other half of the lot for that year, which was rejected.

We are of opinion that the court erred in rejecting the deed made by Carter to the defendant August 4, 1879; and that it erred in refusing to permit the defendant to prove that Carter paid taxes on half the lot for the year 1879.

The possession which the appellant held from the time he purchased an undivided half of the lot until he purchased the other half, under the proof, was as much the possession of Carter as of himself, as against any person asserting an adverse title.

They were both claiming under the deed to Carter, and the possession of appellant of the whole lot was with a clear recognition of the right of Carter. In such case the possession of one co-tenant inures to the benefit of the other. Young v. Adams, 14 B. Mon., 127; Vaughn v. Bacon, 15 Maine, 457; Knox v. Silloway, 10 Maine, 211; Baker v. Whiting, 3 Sumn., 485; Colman v. Clements, 23 Cal., 247; Waring v. Crow, 11 Cal., 371.

Under the facts proved, the appellant is entitled to avail himself, under his plea of limitation, of the possession from the time he first entered, as fully as though he and Carter had both been actually in possession of the lot until Carter made the last conveyance to him; as is he entitled to the benefit of the payment of taxes on an undivided half of the lot by Carter, while the latter was the claimant of that interest under the deed through which they both claim. As between themselves, Carter and the appellant were for a time tenants in common, and, during that time, the effect of the actual possession of the one, not adverse to the other, in its effect upon third persons holding adverse or even superior title, must be the same as though title to the lot passed to Carter by the conveyance made to him by the sheriff.

On account of the rulings of the court which have been noticed, the judgment of the court below will be reversed and the cause remanded, and it is so ordered.

REVERSED AND REMANDED.

[Opinion delivered May 5, 1885.]