T. J. Houston and Husband v. George Washington.

Decided June 2, 1897.

1. **Error—Admitting Evidence—Statement of Facts.**

Errors assigned upon the admission of evidence will not be considered in the absence of a statement of facts.

2. **Tax Sale—Levy.**

In support of a deed on sale for State and county taxes, though the former, being levied by general law, are not required to be proved, it is necessary to show a levy of the latter by the records of the Commissioners Court.

3. **Bill of Exceptions—Harmless Error.**

Supposed errors in qualifying appellants' bill of exceptions are harmless where the bill, unqualified, would have shown no error in the ruling.

Appeal from Travis. Tried below before Hon. R. E. Brooks.

*A. S. Houston*, for appellants.

COLLARD, Associate Justice.—Suit by appellee George Washington against appellant T. J. Houston and her husband T. J. Houston, filed September 18, 1895, to recover lot 4, in block 7, outlot No. 46, division B of the city of Austin, Texas, and to remove clouds from plaintiff's title, which is alleged to be a fee simple title. It is also alleged that on the 1st day of June, 1886, defendant Mrs. T. J. Houston, bought at tax sale, for the taxes assessed against the unknown owner for the year 1885, lots 1 to 8, in block 7, in the outlot before designated, and it was conveyed to her by deed of that date by A. R. Morris, tax collector of Travis County, Texas, which was duly acknowledged, and recorded in Travis County deed records; that on the 2d day of April, 1889, Mrs. T. J. Houston purchased at tax sale for taxes assessed against the unknown owner for the year 1888, lots 1, 2, 3, 4, 5, 6, 7, and 8, in block 7, outlot 46, division B, and that said tax deed constitutes a cloud upon plaintiff's title, but that plaintiff is not advised whether or not defendant has a deed to the property under the last named sale.

The petition further alleges that on the 1st day of April, 1890, for tax assessed against the unknown owner for the year 1889, lots 2, 3, 4, 5, 6, 7, and 8, in said block, were duly sold to the State of Texas, and that on the 21st day of November, 1893, the owner of the property last above described and the predecessors in title thereto to this plaintiff in lot 4 as above described, duly redeemed from the State of Texas lots 2 to 8 inclusive, in the block 7, outlot 46, division B, in the city of Austin, Texas; that by virtue of the sale to the State the tax sales and titles previously made were merged and canceled, and that the redemption from the State, as stated, cleared and extinguished the title of previous sales; that Mrs. Houston asserts title and claim by virtue of the tax sale and deed to her, casting a cloud upon plaintiff's title to lot No. 4 as described; prays for decree adjudging the claim of defendant to be unjust and a cloud upon plaintiff's title, and that the same be canceled and annulled, for costs and

general relief.   Defendants demurred to the petition, filed pleas of not guilty, and of the three and five years limitation.

The court instructed the jury to find for plaintiff, which was done, and judgment was rendered for plaintiff as prayed for by him.

There is no statement of facts in the record, nor is there any brief for the appellee.

*Opinion.*—In the absence of a statement of facts, it will be presumed on appeal that everything which could have been proved under the pleadings of the successful party was actually proved on the trial.   Ross v. McGowen, 58 Texas, 607; Railway v. Underwood, 67 Texas, 594.

The admission of evidence in favor of the plaintiff by the court below, objected to by defendants and assigned as error, in the absence of a statement of facts, is not shown to be, nor can we ascertain that it was, injurious to them.   The judgment must be presumed to have been supported by competent and legal testimony.   May v. Ferrill, 22 Texas, 344; Morris v. Files, 40 Texas, 375; Armstrong v. Lipscomb, 11 Texas, 651.   All the assignments of error addressed to the admission of evidence on behalf of plaintiff must be overruled.

The assignments of error that the court erred in excluding the tax deed offered by defendants, as also the testimony offered showing by the assessor the assessment of the property for State and county tax, and the testimony of the collector that he sold the land for taxes assessed in 1885 to defendant Mrs. T. J. Houston, for $4.38, and executed the deed to her, are not well taken.   The collector has no power to sell land for taxes of the unknown owner, unless all the requirements of the law previous to the sale have been complied with; and the burden is on the claimant under a tax title to show the power to sell.   Yenda v. Wheeler, 9 Texas, 417; Robson v. Osborn, 13 Texas, 307; Devine v. McCulloch, 15 Texas, 491; 26 Texas, 48, 296; McDaniel v. Needham, 61 Texas, 274; Terrell v. Martin, 64 Texas, 125, 126.

The deed offered in evidence and the testimony offered to show that the power to sell was complete, showed that the sale was made to pay both State and county tax due Travis County for 1885.   There was no testimony offered to show that the County Commissioners Court had levied the tax for the county.   This levy was indispensable to the power to sell.   As said in Greer v. Howell, 64 Texas, 689, "State taxes are levied by general law and not required to be proved.   County taxes are required to be levied by the Commissioners Court, and a minute of the proceedings of that court had to be kept, and the levy must be proved, or the sale will not appear to have been made for a legal demand."   Without such proof there was no power to sell shown.

As to the lower court's qualification of the bill of exceptions presented to him by defendant, and the impeachment of the same, we will simply say that, taking the bill of exceptions as originally presented to the court, it will appear that the court excluded the deed "because the proof was not sufficient."   We have seen that the proof was not sufficient to show

power to sell in the collector. The supposed error of the court in qualifying the bill of exceptions is therefore immaterial. The deed was properly excluded.

There was no error committed as assigned, and the judgment of the lower court is affirmed.

*Affirmed.* ·