NATHANIEL TOWNSEND v. MORGAN L. SMITH.

This being, in effect, an action of debt on a judgment, and not a proceeding, by *scire facias*, to revive, the suit was rightly brought in the county of defendant's residence.

A levy upon land is not a satisfaction of the judgment.

Nor does the sale and purchase of the land by the judgment creditor, operate a satisfaction of the judgment, if by reason of any substantial defects in the execution or proceedings thereon, no title passed to the purchaser; in such case the judgment remains in force (as between the parties) unaffected by anything done under the execution.

Where land was sold under execution, and purchased by the judgment creditor, and the execution returned satisfied, and the judgment debtor sued for and recovered the land in the United States District Court, because of a defect in the levy and sale, it was held that the judgment creditor could sustain an action on the judgment in the county where the defendant resided, other than that in which the judgment was obtained, and that he was not put to a motion in the latter county to set aside the satisfaction of the execution, as his only remedy.

A judgment which does not express the rate of interest which it shall bear, bears interest at eight per cent. only, notwithstanding the cause of action bore interest at ten per cent.

Appeal from Travis. Tried below before the Hon. Thomas H. DuVal.

At the Fall Term of Fort Bend District Court, 1845, commencing on the 29th day of September, Morgan L. Smith recovered a judgment against Nathaniel Townsend, in Fort Bend District Court, for $879 45, and against Robert Peebles, garnishee in said suit, for $150 with interest on the latter from 15th February, 1836, at five per cent. per annum until paid. The notes on which the principal judgment was obtained bore interest at ten per cent. The exact date of the judgment did not appear.

30

On the 23d February, 1846, a *fi. fa.* was issued against Peebles, garnishee, and on the 26th March thereafter was "returned by order of plaintiff." On the first day of May, 1848, a *pluries fi. fa.* was issued to the Sheriff of Matagorda county, against said Townsend ; and there being no Sheriff of said county, said execution was received by the Coroner and levied on the undivided half of a certain half league of land, on old Caney creek, being league No. 28, originally granted to Freeman Pettus; returned not sold for want of time. August 22d, 1848, a *venditioni exponas* was issued to sell said land; and Oct. 3d, 1848, returned the said land appraised at $1·50 per acre, and sold to "R. J. Townes, the attorney of the plaintiff, at $1 per acre, amounting to $1,111, from which deduct $40 36, the amount of costs, leaving $1,070 64 to be appropriated towards the payment of the principal, for which amount I hold the receipt of R. J. Townes, he being the attorney for the plaintiff."

On the 29th of October, 1850, Townsend, as a citizen of Louisiana, brought suit in the United States District Court, at Galveston, in the form of an action of trespass to try title, to recover of said Smith the one-half of the said Freeman Pettus' league of land, alleging that said Smith claimed the same by virtue of some pretended, illegal and void Sheriff's sale of the same. On the 10th December, 1850, there was a judgment by default. On the 16th of same month, an agreement signed by the attorneys of the parties was filed, to the effect that Smith admitted the title of Townsend as alleged, and that he Smith claimed title to said land by virtue of a Sheriff's sale on execution against said Townsend ; and same day the default was set aside. Afterwards Smith filed an answer of not guilty. There was another agreement in this record, to the effect that the judgment against Peebles, garnishee, had been paid in cotton to Smith at Columbia before the issuance of the execution to Matagorda county, the attorney who directed such execution not being aware of the fact. May 31st, 1851, there was a trial by jury, and verdict and judgment for plaintiff. Defendant moved for a new trial on the ground that the Court had instructed the jury that the sale of the premises in question, under the judgment and execution against Townsend was void in consequence of the uncertainty in the description of land levied on and advertised and sold. Motion overruled.

On the 15th of September, 1855, Smith brought this suit against Townsend, in Travis District Court, on the judgment

previously recovered by him in Fort Bend, and alleged the facts apparent from the foregoing statement, making transcripts of the proceedings in both said cases exhibits, and claiming interest on said judgment "which plaintiff avers should have been at the rate of ten per centum per annum, but which, through a clerical mistake, was not entered on said original judgment." Plaintiff also alleged that the judgment in the U. S. District Court was rendered against him by reason of the strictly Common Law jurisdiction of said United States Court, whereby he was prevented from setting up his equities herein before set forth.

Defendant filed a general demurrer, and for special cause assigned that it appeared from the petition that the judgment sued on was satisfied ; general denial and plea of payment.

Afterwards defendant filed an amendment, objecting that this was not an original suit, but a proceeding to revive a judgment, and should have been commenced in Fort Bend county where the judgment was rendered.

That plaintiff procured the sale and purchase of the property in Matagorda county, with a full knowledge of all the defects in the said judgment and all the subsequent proceedings had thereon; that he was fully apprised of the character of the title he was getting ; consequently said judgment was discharged, and plaintiff is not entitled to recover the amount which he gave for said property or any part thereof.

That if plaintiff ever had any right to have his said judgment altered or corrected, so as to draw ten per cent. interest, which is denied, said right occurred more than two years next before the commencement of this suit, and more than four years before the commencement of this suit, and wherefore said right, if it ever existed, is barred by limitation.

Same objection as to the right to have the return of satisfaction on the execution set aside.

Also that if plaintiff ever had any right of action, or to any legal proceedings for or on account of his losing the title to the land which he purchased at Sheriff's sale and having caused his said judgment to be satisfied in full, which is denied, then defendant says that it was by filing his petition in the District Court of Fort Bend county, to have the entry of satisfaction on the said *venditioni exponas* set aside, and the said judgment revived ; and this Court has no jurisdiction of said cause.

The Court overruled all defendant's defences except the plea of payment; and the case was submitted to the Judge without a

jury.   Plaintiff gave in evidence the transcripts of the papers, judgment and execution in the Fort Bend suit, and the papers and judgment in the suit in the United States District Court, proving the facts already stated.   Defendant proved that he had been a resident citizen of the county of Texas in the State of Texas continuously since the first day of January, 1851; which fact had been previously alleged by him.   On these facts, the Court gave judgment for the plaintiff, February 2d, 1856, for $1,380 83, to bear interest at eight per cent.

*Hamilton & Chandler*, for appellant.   I.   It is clear that if Smith had any remedy, after Townsend had recovered the land from him, it was in the nature of a motion filed in the District Court of Fort Bend county, to set aside the entry of satisfaction made by the Sheriff of Matagorda county upon the *venditioni exponas;* and that motion should have been filed within two years from the date of the recovery of the land by Townsend.  (5 Tex. R. 389; 4 Id. 215.)

By analogy to bills of review, appeals and writs of error, he was bound to file that motion within two years from the date of the judgment in the United States District Court.  (Weaver v. Shaw, 5 Tex. R. 286; 11 Id. 642.)

II.   That the Court erred in sustaining the exceptions to the defendant's answers seems to be too clear to admit of debate, or even to require reference to an authority.   The answers do not set up any defence that sought to go behind the original judgment.   It will be seen by reference to the answers, that they are strictly in avoidance of the plaintiff's right of recovery, except the plea of payment which was not stricken out.

III.   If we are wrong in our former positions, we think it clear that the statute of limitations of two and four years was well pleaded, and constituted a good defence in this suit.

It will be seen that on the first Tuesday in October, 1848, the judgment in Fort Bend county was fully satisfied by the Sheriff of Matagorda county, at the instance of Smith, he having purchased the land.   From that date to the first day of May, 1851, Smith had no right of action against Townsend, either by motion to set aside the Sheriff's entry of satisfaction or an original petition on the old judgment; consequently if Smith had any cause of action against Townsend, it accrued on that day, by virtue of the rendition of that judgment; then Smith had a new

and original cause of action against Townsend for whatever amount he paid for the land that Townsend had recovered from him. Neither the original judgment in Fort Bend county or the judgment in the United States District Court constituted Smith's cause of action. They were simply evidence of debt. This is a suit brought upon an original cause of action, not evidenced by a judgment against Townsend, for that was settled in 1848, nor upon any obligation in writing signed or executed by Townsend.

IV. If Smith was entitled to a judgment at all, he recovered a larger amount than was warranted by the proof.

The Court doubtless added the ten per cent., as prayed for in the petition; but we deem it unnecessary to labor this point, for the doctrine is well settled that when a party wishes to alter or amend a judgment, it must be done in the Court where the judgment was rendered and within two years from the date of the judgment, or they are barred by the statute of limitations of two years. (Weaver v. Shaw, 5. Tex. R. 286.)

*Alexander*, for appellee. I. Had Townsend sued Smith for the Pettus land in a State Court, he would have had to allege and prove a tender of the amount due on the judgment, and to have paid it; and even then would have been precluded from attacking the executions and the proceedings had by virtue thereof, in a collateral way, as he failed to attack them directly, in the Court where the original judgment was rendered and in time. (13 Tex. R. 114 and 349 and the cases there cited.)

II. Where the levy of an execution on real estate is void from any defect, so that no title passes to the judgment creditor, the judgment remains in full force, and an action may be maintained thereon. (4 Mass. R. 402; 9 Id. 92; 15 Id. 137; see also 14 Id. 378.)

A levy on real estate does not satisfy the judgment. (2 Comst. R. 451; 4 Harring. 536; 6 Georgia, 410; 13 S. & M. 97.)

III. This Court knows judicially, that the U. S. District Court for Texas is a Court of strictly limited jurisdiction which is divided into an Admiralty, a purely Equity, and a purely Common Law side. A Common Law Court could not require Townsend to do equity on a condition precedent to giving him a judgment for the land. As it could not take cognizance of equities, its judgment is not *res judicata* as to equities. Smith could not enjoin its law judgment by filing his bill on its equity side, because being a citizen of Texas he could not sue in that Court.

IV. What effect had Townsend's judgment for the land? It merely revived the original judgment for money (only it did not authorize execution to issue) to which it related back. It could have no other effect. It did not merge the original judgment, itself a contract, into an account debt, (also a contract,) a debt of less dignity. It only took off a credit from an execution, which it as a Common Law Court judgment could do, without disturbing the judgment credited, or taking cognizance of equities over which it had no jurisdiction.

V. Ten per cent. interest was not recovered, as will be seen if the Peebles credit is entered at the proper time, and any clerical error as to interest, if it can now be first relied on, may be remedied by a *remittitur*.

WHEELER, J. This being, in effect, an action of debt on a judgment, and not a proceeding by *scire facias*, to revive, the suit was rightly brought in the county of the defendant's residence.

A levy upon land is no satisfaction of the judgment. Nor does the sale and purchase of the land by the judgment creditor operate a satisfaction of the judgment, if by reason of any substantial defects in the execution or proceedings thereon, no title passed to the purchaser. If the title to the land was not affected by the sale, the consequence is that the judgment debtor is the owner of his estate, as before, and the judgment remains in force, unaffected by anything done under the execution. This seems clear upon principle, and is well settled by authority in point. (Tate et al. v. Anderson, 9 Mass. 92, 95; Ladd v. Blunt, 4 Id. 402; 14 Id. 378.) In the present case, then, it is clear there was no satisfaction of the judgment; for the defendant has actually sued for and recovered back the land by the judgment of a Court of competent jurisdiction. It is thus conclusively established, that the plaintiff acquired no title by his purchase, but the title remained in the defendant, as before the sale, and consequently the judgment remains in full force, unaffected by the sale. Surely it does not lie with the defendant now to say, that the judgment was satisfied by the sale under the execution, when by reason of its nullity he has recovered back the land. Clearly, a proceeding which was void, and conferred no right, cannot operate a satisfaction of the judgment; and it is not for the defendant to say the proceeding was not void, when

he has so treated it in asserting and maintaining his title to the land.

The judgment not having been satisfied, the present action was well brought to revive it.

The computation of interest at ten per cent. was error, for which the judgment must be reversed, and the proper judgment here rendered.

Reversed and reformed.