No. 2573.

HEIRS OF D. E. BARTLEY *v.* ADOLPH HARRIS ET AL.

1. FORECLOSURE — VENDOR AND VENDEE — RECITALS IN DEED.—When the vendor in an executory contract obtains a decree of foreclosure in 1873 he is thereby concluded from asserting that the superior title remains in him. After foreclosure his position is that of a lien creditor. If a foreclosure made in 1873 was decreed against the administrator of the vendees' estate, the vendor could have had the sale made under his decree, or by asserting his lien through the probate court, he could have obtained an order of sale. If the administrator assumed to sell at private sale, and convey the property in satisfaction of the decree of foreclosure, the recitals of his deed can not supply the place of an order of sale and confirmation of sale. The existence of these must be shown to pass title.

APPEAL from Waller. Tried below before the Hon. W. H. Burkhart.

*Harvey & Brown,* for appellants.

*Reese & Tompkins,* for appellee: The express reservation of the vendor's lien in the deed of R. R. Peebles, trustee to plaintiff's ancestor, D. E. Bartley, the judgment of the district court of Austin county foreclosing said vendor's lien at the suit of R. M. Elgin, trustee, against the administratrix of said Bartley, and the subsequent conveyance by said administratrix to said Elgin, trustee, of the lots in controversy in satisfaction of the purchase money—all taken together, constitute such outstanding title to the property as to preclude recovery by plaintiff. (McBride et al. v. Banguss et al., 65 Texas, 174; Russell v. Kirkbride, 62 Texas, 455.)

WALKER, ASSOCIATE JUSTICE.     June 18, 1886, appellants' heirs and administratrix of D. E. Bartley, brought an action of trespass to try title for two and one-half lots in the town of Hempstead, against Adolph Harris and others, who were alleged to be in possession of the lots. The defendants, who are appellees, pleaded not guilty.

On the trial the heirship of plaintiffs, as alleged, was proved, and the legal title to the lots in D. E. Bartley at his death was not controverted. The deed to him was of date May 4, 1864, and was made by Robert Peebles, trustee, of the town of Hempstead. The vendor's lien was retained. Bartley died in 1867, and Ada Bartley became his administratrix.

March 26, 1873, in the district court of Austin county, then including Hempstead, a judgment was rendered for eight hundred dollars and costs in favor of R. M. Elgin, trustee of the town of Hempstead, and against the administratrix, and a decree foreclosing the vendor's lien upon the lots here in controversy and for others described in the decree. The decree also directed that an order of sale issue, to be executed by the sheriff under execution. August 23, 1875, the administratrix, by quit claim deed, conveyed all of the lots named in the judgment to R. M. Elgin, trustee, etc., in consideration of the release of the amount of the said judgment had against her as administratrix of the said estate, "and also (as recited) in pursuance of an order obtained at the July term of said Austin district court (having probate jurisdiction), allowing her to sell certain Hempstead town lots at private or public sale to liquidate said judgment." This deed was duly filed for record August 24, 1875, and was recorded. The defendants also showed conveyances under a tax deed made in 1878 for the land for taxes for 1877, owner unknown. These are all the facts in evidence. The case was tried by the court without a jury, and judgment was rendered for defendants.

It has passed beyond discussion that a tax deed, without evidence of the facts conferring the power to sell, does not pass title.

Whatever may have been the rights of Elgin as trustee under the vendor's lien, his obtaining a decree of foreclosure concluded his assertion of the superior title remaining in the vendor while the purchase money is unpaid. (Roeder v. Robson, 20 Texas, 465; Roberts's Heirs v. Lovejoy, 60 Texas, 255.) His position after the decree of foreclosure was that of a lien creditor. He could have had the sale made under his decree (Dibbrell v. Smith, 49 Texas, 480), or he could have asserted his lien through the probate court, and could have obtained an order of sale (Paschal's Dig., art. 5705), either at public or private sale. If at private sale (as is attempted to be shown) then before the confirmation and completion of the sale it was nec-

essary to satisfy the court that the sale had been made at a fair price. (Paschal's Dig., art. 5712.) The administratrix could not sell the land and divest the heirs of title without authority of the court. The order for sale and confirmation of the sale, when made, should exist. The latter has been held presumptive of the order for sale. These, to be valid under the probate law of 1870, must have been entered of record. (Paschal's Dig., art. 5473.)

But the deed, however full its recitals may have been, could not supply the absence of competent testimony of the orders of the court giving it effect to pass title. (Jewell v. Martin, 64 Texas, 125.) There was no testimony excusing the production of this testimony by showing the loss or destruction of the records of the court. (White v. Jones, Tyler term, 1887.)

The unsupported deed of the administratrix did not show an outstanding title in Elgin. The judgment should have been for the plaintiffs. The judgment below is reversed and the cause remanded.

*Reversed and remanded.*