EAST GREENWICH· INSTITUTION FOR SAVINGS *vs.* S. W. K. ALLEN *et al.*

PROVIDENCE—JANUARY 11, 1901.

PRESENT : Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Executions.    Judgments.    Levy and Sale.*

Where there are irregularities in the proceedings upon the levy and sale under an execution which make the sale void, there is no satisfaction of

the execution, and the judgment remains in force unless the execution has become void through lapse of time.

(2) *Executions.  Sheriff's Deed.  Estoppel to deny Consideration.*

The grantee under a sheriff's deed, upon a sale of real estate under an execution, is not estopped to deny the payment of the purchase price by the acknowledgment of the sheriff of its receipt contained in the deed. Therefore upon an issue as to the satisfaction of an execution through the receipt of the judgment debt by the sheriff upon a sale of the estate, the non-payment of the purchase-money may be shown by the grantee.

(3) *Execution.  Abandonment of Levy and Release of Lien.*

Under the provisions of Pub. Stat. R. I. cap. 222, § 20, where an execution is not levied before the return-day thereof the property attached is discharged from such attachment; but by Pub. Stat. R. I. cap. 223, § 15, the sale is allowed to be made after the return-day.  An execution was levied upon certain land and the land sold under the levy.  On account of irregularities the sale and deed were void.  A new levy was made before the return-day of the execution and sale of the land made after such return-day.  Before the second levy the judgment debtor had parted with his title:—

*Held,* that the second sale was valid and passed the title that the judgment debtor had in the land at the time of the original attachment. The execution was unsatisfied and levied within the time prescribed by law to preserve the attachment.

INTERPLEADER.   The facts are fully stated in the opinion.

DOUGLAS, J.   This is a bill of interpleader in which the fund, consisting of the surplus arising from the sale under mortgage of certain land belonging to Washington I. Spencer, is claimed by each of the defendants.

From the agreed facts it appears that A. B. Rice & Co., on April 30, 1880, attached the interest of Spencer in this land, which was subject to the mortgage aforesaid, and on October 12, 1883, recovered judgment against him for $635.00 and costs.   Execution was duly issued thereupon, returnable at the next term of the court, March, 1884, and was levied by Samuel L. Tillinghast, deputy-sheriff, October 13, 1883. Under this levy, but without proper advertisement, another deputy, Charles H. Martin, on January 16, 1884, sold at public auction to Allen for $700.00 the interest in said land which Spencer had at the time of the attachment, and gave to Allen a sheriff's deed of the same in proper form, wherein

it is recited that Allen had paid him the sum of $700.00. Allen took this deed and had it recorded January 18, 1884. Allen now testifies that he did not pay the sheriff any money at that time.

It appears that very soon after this deed passed the parties discovered that the advertisement was defective, and thereupon, on January 28, 1884, the execution was again levied by Martin, and, after due advertisement and notice, the attached property was again sold to Allen on May 3, 1884, for $655.00. Another deed was given him by Deputy Martin, dated May 7, 1884, which was duly recorded. It does not appear whether the execution in the original case was ever returned, and it cannot now be found and no copy of it or of the officer's return seems to have been made; but such return is not necessary to vest the title in the purchaser. *Foster* v. *Berry*, 14 R. I. 601.

January 18, 1884, Spencer conveyed to defendant Potter all his right, title, and interest in the property in question by deed of that date duly recorded the same day, and Potter now claims that Allen has no title, and hence the fund belongs to himself.

It is plain, under the decisions of this court, that the first sale and deed were void. *Wilcox* v. *Emerson*, 10 R. I. 270; *Goldsworthy* v. *Coyle*, 19 R. I. 323. And Potter claims further that the second deed is equally invalid because the first deed acknowledges the receipt of the purchase-money, and hence, the execution being satisfied, the sheriff had no power to proceed further.

It is undoubtedly true that after an execution is satisfied by payment to the creditor or to the officer who holds it, it does not authorize any further service. The execution, having performed its office, is of no further validity. This proposition hardly needs authority, but is amply sustained by many decisions. 11 Am. & Eng. Ency. Law, 2 ed. 713, 714, n. 1, and cases cited.

(1) But it is equally true that if there are irregularities in the proceedings upon the levy and sale under an execution which make the sale void, there is no real satisfaction; and unless

the execution has become void from lapse of time, there seems to be no good reason why it may not be further served until satisfaction of the judgnent is obtained.    In *Townsend v. Smith*, 20 Tex. 465, it is said : "A levy upon land is no satisfaction of the judgment.   Nor does the sale and pur-- chase of the land by the judgment creditor operate a satis- faction of the judgment if, by reason of any substantial defects in the execution or proceedings thereon, no title passed to the purchaser.

"If the title to the land was not affected by the sale, the consequence is that the judgment debtor is the owner of his estate as before, and the judgment remains in force, un- affected by anything done under the execution.   This seems clear upon principle, and is well settled by authority in point."

After the first levy and sale, therefore, the sale being void, the judgment remained in full force, and the order in the execution to collect it was just as imperative upon the sheriff as ever.

(2)   We do not think that the acknowledgment by the sheriff in his deed of the payment of the purchase-money binds the parties to that transaction.   The principle is well-established, no doubt, that a grantor cannot invalidate his deed by proof that he has not received a consideration which he acknowl- edges by the deed that he has received, but no such restric- tion is placed upon the grantee.   And in this case, the deed being void by reason of omission on the part of the sheriff, if the money had been paid, the grantee could have had his action on the case against that officer ; or, it has been held in some States, could have recovered it from the plaintiff. Freeman on Void Sales, § 49.

(3)   It has been held that a formal return of satisfaction upon an execution may be cancelled by the court which issued it if it appears that the writ, levy, or sale was void so that the title to the property did not pass.   *Hughes* v. *Streeter*, 24 Ill. 647 ; *Watson* v. *Reissig*, 24 Ill. 281 ; *Stoyel* v. *Cady*, 4 Day (Conn.), 222 ; *Field* v. *Paulding*, 3 Abb. Prac. N. Y. C. P. 139 ; *Arnold* v. *Fuller*, 1 Ohio, 202.   In this case, however, the defect was discovered before the return of the execution, and

there was no necessity to apply to the court for the issue of a new one.

It is argued, however, that by the abandonment of the first levy the attachment lien was released; and that the new levy and sale were ineffectual to pass title, because before the second levy the judgment debtor had parted with his title.

The decisions in various courts upon the effect of a levy of execution, not followed by sale and satisfaction, are as various as the statutes of the different States and are of little use in passing upon the effect of a sheriff's action under the statutes and practice in Rhode Island.    This is well illustrated by the cases which the counsel for Potter cites in support of the proposition that Spencer's deed to Potter conveyed the grantor's interest free of any attachment or execution lien in favor of Allen, viz.: *Dougherty* v. *Marsh*, 11 Ga. 277. In this case the execution was returned satisfied and was so entered on the court docket, as required by a statute of Georgia; and a party who bought of the debtor was held to have acquired the property free from the lien which thus appeared by the record to have ceased, although the return and satisfaction were afterward vacated by the court.

In the case at bar, when Potter purchased, the record apparently showed title in Allen.    If Potter bought with knowledge of the defect, he was merely speculating upon the chance that Allen would not discover the error until it should be too late to remedy it by new proceedings.    In *Taylor* v. *Ranney*, 4 Hill (N. Y.), 619, the execution was returned satisfied, and entry was made on the docket pursuant to the statute of New York; the entry was afterwards vacated and in the meanwhile the lands sold to a *bona fide* purchaser.    As in the Georgia case, it was held that the purchaser was entitled to rely on the record as it stood when he bought.    *Ettlinger* v. *Tansey*, 17 B. Mon. 364, decides that under the statute of Kentucky a lien created by levy of execution is discharged by a return of the execution as satisfied.

*McGhee* v. *Ellis*, 4 Litt. Part 2 (Ky.), 245, deals with an entirely different question.

It was provided in Pub. Stat. cap. 222, § 20 : "Whenever final judgment shall be rendered for the plaintiff in any suit in which the writ was served by attachment of real estate . . . the execution issued on such judgment at the same term such judgment was rendered shall be levied on the property so attached as soon as may be ; but if the same shall not be so levied before the return-day thereof, the property attached shall be discharged of such attachment."

We do not think we can restrict the duration of the attachment lien within the limit fixed by the statute. The last levy was made before the return day of the execution, and the sale is expressly allowed to be made after the return-day by Pub. Stat. cap. 223, § 15.

The sheriff was in possession of a valid execution not satisfied, and it was levied within the time prescribed by law to preserve the attachment. We do not think this use of the execution was unlawful because he had previously failed to follow up the first levy with proper advertisement of the sale or because he had given a deed which was void and which he ascertained to be so before the statute had terminated the attachment lien.

If there was any irregularity in the second levy, it could only have been corrected by motion or on *audita querela* in the court which issued the execution.

We conclude, therefore, that the second sale was valid, and, as held in *De Wolf* v. *Murphy*, 11 R. I. 630, the second deed conveyed to Allen all the right, title, and interest which the judgment debtor had in the land at the time of the attachment, and that he is entitled to the fund in court.

*C. J. Arms*, for complainant.

*S. W. K. Allen, pro se.*

*Edwards & Angell*, for respondent Potter.